**Roy BECK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. C.A. 3:96–3642–19.

United States District Court, D. South Carolina, Columbia Division.

July 22, 1998.

Harry Clayton DePew, Columbia, SC, for plaintiff.

Steven M. Webster, Paul G. Gill, Washington, DC, Barbara M. Bowens, Columbia, SC, for defendant.

Before The Honorable DENNIS W. SHEDD, United States District Judge.

## ORDER

SHEDD, District Judge.

This case is before the Court for disposition pursuant to Federal Rule of Civil Procedure 56 as to Plaintiff's Cross Motion for Summary Judgment filed May 29, 1998. This Court, also on May 29, 1998, Ordered, *sua sponte*, the Government to file a re-

sponsive brief setting forth its arguments opposing summary judgment based on the "safe haven" provisions of Section 530 of the Revenue Act of 1978, 26 U.S.C. § 3401 (Section 530). The Government timely filed its response. Jurisdiction is proper as to the claims relating only to assessments made against the club doing business as Chippendolls pursuant to 28 U.S.C. §§ 1340 and 1346(a)(1) and 26 U.S.C. § 7402.[1]

Plaintiff Beck contends in his Complaint that he is due a refund of and relief from taxes wrongfully assessed against him in tax years 1992 through 1994. In his Cross Motion for Summary Judgment, Beck argues that he is entitled to the relief under the safe haven provision contained in Section 530.

To fall within protections of the safe haven, a taxpayer can demonstrate (1) that he did not treat, for purposes of employment purposes, an individual as an employee for any period, (2) that all Federal tax returns required to be filed by the taxpayer with respect to such individual for such period are filed on a basis consistent with the taxpayer's treatment of such individual as not being an employee, and (3) that the taxpayer had a reasonable basis for not treating such individual as an employee. Section 530(a)(1)(2); *see also, JJR, Inc. v. United States*, 950 F.Supp. 1037, 1043 (W.D.Wash.1997); *Deja Vu Entertainment Enterprises of Minnesota, Inc. v. United States*, 1 F.Supp.2d 964, 970 (D.Minn. 1998). The Government does not contest that Beck satisfies the above first and second elements.

■ After a thorough review of the record, statutes and case law pertinent to the instant action, the Court finds that Beck has met all three requirements of Section 530 and is entitled to relief. As for the third element, Section 530(a)(2) specifically provides that a taxpayer will be deemed as

1. The Court does not assert jurisdiction over any assessments made against the entity Twin Peaks, Inc., because it does not appear from the record that Beck has standing in his individual capacity to make a claim for relief as to that corporation.

having had a reasonable basis to determine that a certain class of individuals need not be treated as employees if he relied on a long-standing recognized practice of a significant segment of the industry.

In the instant case, the uncontroverted evidence shows that Beck spoke with entertainers in various clubs in the 1980s and found that they were treated as independent contractors rather than employees. Entertainers in these other clubs were not paid by the club owners, but instead received tips directly from the patrons. Moreover, Beck believed in 1989 that Myrtle Beach, South Carolina, had more adult entertainment clubs than any other city in the state. He consulted with the managers of all five Myrtle Beach clubs that existed at that time and specifically inquired how their entertainers were treated for employment tax purposes. All of the managers indicated that the entertainers were treated as independent contractors rather than employees. According to Beck, all the adult entertainment clubs in South Carolina have consistently treated their entertainers as independent contractors, and the Internal Revenue Service has never challenged this practice at any club except Chippendolls and Twin Peaks, Inc.

The Government has made no offer to show that Beck did not conduct a review of other clubs' practices prior to opening Chippendolls. Also, the Government did not offer any independent evidence of what the industry standard was during the relevant period.[2]

Therefore, **IT IS ORDERED** on this *21st* day of *July, 1998*, at Columbia, South Carolina, that Plaintiff's Cross Motion for Summary Judgment be **GRANTED**.

---

**2.** The Government, in a conclusory manner, asserts that credibility is at issue. Such an assertion, in itself, is insufficient, under the facts and circumstances of the instant case, to create a question of fact to defeat summary judgment. *See Schoonejongen v. Curtiss–Wright Corp.,* 143 F.3d 120 (3rd Cir.1998).